403 A.2d 608

**COMMONWEALTH of Pennsylvania**

v.

**Willie HART, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1978.

Decided May 18, 1979.

Roger J. Harrington, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, P. J., and HESTER and HOFFMAN, JJ.

HESTER, Judge:

Following a non-jury trial, appellant was found guilty of simple assault, possession of an instrument of crime, and carrying a firearm. Subsequently, a sentence of 2–5 years was imposed. A direct appeal was filed but never perfected.

Thereafter, appellant filed a Post Conviction Hearing Act (P.C.H.A.) petition which was denied by the court. However, that court granted appellant leave to file a direct appeal to this Court *nunc pro tunc.* Upon review, we remanded to the lower court and granted appellant leave to file post verdict motions *nunc pro tunc Commonwealth v. Hart,* 245 Pa.Super. 601, 372 A.2d 422 (1977).

Appellant filed the motions alleging, inter alia, that trial counsel was ineffective in that he failed to file motions to suppress the physical evidence against appellant and that he failed to file motions to suppress appellant's statement to the police. Following a hearing, the court denied the motions and in support thereof made the following findings of fact:

"In December 20, 1973, at about 3:00 p. m., Officers McElvain and Knowles received a flash radio bulletin: man with shotgun at 2026 West Master Street; the bulletin further described the man as "black", wearing a green army jacket and having the name of Hart. Because the physical description was the same as that of one Nathaniel Hart, whom the officers knew was wanted for robbery, the officers returned to the police station and procured a photograph of Mr. Hart before proceeding to 2026 W. Master Street. At 2026 W. Master Street, they met Margie Miller, who informed them that Willie Hart, black, 5'8" tall, wearing a green army jacket and a knit cap, with a shot gun in a brown paper shopping bag, had just left her house and was headed West on Master Street toward 21st Street. At or near 21st and Jefferson, just about a block and a half from Ms. Miller's house, the officers saw such a man holding the brown paper shopping bag, walking at a rapid pace. Officer Knowles noticed the barrel of the shotgun protruding from the bag. They ordered him to stop, asked him his name, and told him to place the brown paper bag he was carrying on the ground. The defendant stopped, gave his name as Willie Hart and deposited the brown paper shopping bag on the sidewalk. At this time, both officers could clearly see the barrel of the shotgun protruding out of the bag. From the paper bag, the police retrieved not only the shotgun but two knives—one a Bowie knife in a sheath and the other a paring knife. From his person, the police took forty rounds of shells and a letter bearing the name of Margie Miller (the complainant-informant) on the envelope.

Both Ms. Miller and the defendant were interviewed at North Central Detective Headquarters. As a result of information provided by Ms. Miller, the defendant was charged with rape and indecent assault in addition to the weapons charges.

Before interrogating the defendant, Detective McCarty informed him that he was being questioned concerning the crime of rape. After *Miranda* Warnings were given and

appropriate responses made, the defendant voluntarily made a statement. The statement included defendant's admission of guilt of the rape, assault and of the weapons charges. At the trial, the physical evidence and the statement were introduced as evidence."

In this appeal, appellant asserts that 1) the warrantless arrest of the appellant and the seizure of evidence incident thereto were illegal and; 2) the confession of appellant introduced at trial was unlawfully elicited by a police officer, in violation of appellant's Fifth Amendment rights.

■ Trial counsel did not file motions to suppress either the confession or the physical evidence seized pursuant to the arrest, therefore direct attack as to the admissibility of that evidence is waived according to Pa.R.Cr.P. 304, 305.

Appellate counsel does not assert that the failure to move to suppress this evidence constituted ineffectiveness on the part of trial counsel (strangely enough this was asserted in post-trial motions), thus we could dismiss this appeal; no issues for review having been preserved.

Faced, however, with the inevitability of a subsequent P.C.H.A. petition and another appeal, we will reach the merits of appellant's claims.

Appellant initially asserts that his arrest was not based on probable cause, therefore, the physical evidence (a shotgun and two knives) seized as a result of the arrest was improperly admitted. Perusal of the trial transcript, the P.C.H.A. transcript and the findings of the post-trial motion court, we find this contention to be utterly without merit.

The gist of appellant's argument seems to be that the police officers who eventually arrested him did not have sufficient information to either stop and investigate or arrest him.

Our Supreme Court recognizes two instances where a police officer is justified in stopping and searching an individual. The first is where the officer has probable cause to arrest based on knowledge of facts and circumstances gained via first hand information or through a trustworthy

informant. *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969); *Commonwealth v. King*, 247 Pa.Super. 443, 372 A.2d 908 (1977). The second instance where a police officer may stop and search a suspect is where the officer has observed unusual and suspicious conduct by such person which may reasonably lead the officer to believe that criminal activity is afoot. *Commonwealth v. Jefferies*, 454 Pa. 320, 311 A.2d 914 (1973); *Commonwealth v. Galadyna*, 248 Pa.Super. 226, 375 A.2d 69 (1977).

■ Where the basis for the police stop is an investigatory one, the police "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warranted the intrusion". *Commonwealth v. Ferrarro*, 237 Pa.Super. 268, 273, 352 A.2d 548, 550 (1975).

■ The facts here indicate that there was no violation of appellant's Fourth Amendment rights. Two police officers received a bulletin that someone at 2026 West Master Street had a shotgun. The complainant, at the scene, described him. The officers proceeded in the direction he fled. Several blocks away they noticed a man fitting the complainant's description walking quickly and carrying a large bag. As they came closer, they noticed the barrel of a shotgun protruding from the bag. After they stopped the man and he put the bag on the ground, there was no question the object in the bag was a shotgun.

Clearly, the above circumstances warranted the action taken by the police. We, therefore, find that the officers did have probable cause to stop, arrest, and search the appellant, thus, we find no merit in this contention.

■ Appellant next contends that his confession, introduced at trial, was unlawfully obtained by the police.

The detective who took appellant's statement testified that he prefaced the *Miranda* warnings by saying: "We are questioning you concerning the specific crime of rape." (N.T. Trial 128). (Appellant was charged but not convicted of rape). In the statement taken, appellant responded to the

rape charges by stating that the complainant (a woman he had had a child by) consented to the sex. He also admitted having the shotgun and the knives.

Appellant claims this statement should not have been admitted because information about the weapons offense was obtained, and no warning was given relative to these offenses.

Appellant relies on the principle that before one can waive his rights he must be informed as to the nature of the crimes being investigated.

The Commonwealth claims this admission concerning the weapons was "volunteered by appellant in the course of his explanation as to the rape charge." Indeed the findings of fact by the lower court specifically states that the statement was volunteered.

We have no reason to believe that finding to be in error. It is consistent with the explanation given by appellant and his subsequent testimony at trial. The statement, while being, an admission of guilt as to the weapons offenses, was exculpatory as to the rape charge (of which he was acquitted). His trial testimony was completely consistent with the Commonwealth's assertions and the judge's finding that he volunteered the admission as to the weapons offenses (N.T. Trial, pp. 158–59).

█ If we were to disregard the above, we still feel that appellant had sufficient knowledge of the charges he was facing. The transaction involved the set of facts which took place immediately prior to his being placed in custody. The police had arrested him solely on the weapons charge—only afterward did the complainant file a charge of rape.

In *Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974) the Supreme Court held that a valid waiver of *Miranda* rights requires that the suspect have an awareness of the general nature of the transaction giving rise to the investigation. Knowledge of the technicalities of the offense is not needed; only that the suspect have knowledge of the "transaction".

In *Commonwealth v. Dixon*, 475 Pa. 17, 379 A.2d 553 (1977) the Supreme Court held that the defendant's knowledge of the occasion for the interrogation may be shown by the fact that interrogation follows hard upon the criminal episode.

The criminal episode herein, involved an alleged rape and weapons offenses. The accused had just been taken into custody on the weapons charge—now the complainant claims he raped her. The police wished to inquire about the rape. They warned him and then asked him about what happened at her house. As part of his narrative, he admits that he had a shotgun.

Clearly, appellant knew of the weapons charges—he had just been brought in on that basis. His admission, rather than reflecting on his lack of "warning", is more of an attempt to adequately explain what happened at the complainant's house.

We find no error in the admission of this statement. Judgment of sentence affirmed.

CERCONE, President Judge, concurs in the result.