424 A.2d 533

.COMMONWEALTH of Pennsylvania

v.

John MEARS, Appellant.

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Jan. 16, 1981.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

HESTER, Judge:

Appellant John Mears was found guilty of carrying a firearm without a license and carrying a firearm in a public street in the Municipal Court of Philadelphia. A petition for a writ of certiorari to the Court of Common Pleas was denied and this appeal followed. The sole issue before us is the propriety of the search of appellant's person which resulted in the seizure of the firearm.

The facts may be briefly stated. In the late afternoon of July 12, 1978, Officer Thomas Pryor and John Herron of the Philadelphia Police Department were on duty in plainclothes and in an unmarked car. While at Seventeenth and York Streets, the officers were approached by a man who Officer Pryor knew from the neighborhood, but not personally. This man informed the officers "that there was a Negro male by the name of John Mears, who is about five-foot-ten and about one hundred sixty pounds, wearing a blue button-down shirt, with maroon pants, and blue and white jogging sneaks similar to the sneaks that my partner had on. He

told us he was at Bouvier and Huntingdon, and he was armed with a gun." N.T. 4. On the basis of this information, the officers drove to Bouvier and Huntingdon where they observed the appellant, who matched the above description. The officers approached appellant, identified themselves, and frisked him, whereupon they discovered a .32 caliber revolver in the back of his waistband.

Appellant contends the officers lacked reasonable cause to "stop and frisk" him. Of course, the police need not meet the strict requirements of probable cause to justify a brief stop of a suspicious individual. The U. S. Supreme Court has recognized that:

> "When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others," he may conduct a limited protective search for concealed weapons.

*Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972), quoting *Terry v. Ohio*, 392 U.S. 1, 24, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889 (1968). Thus, our courts have, on numerous occasions, sanctioned brief investigatory stops and limited searches where "the officer observes unusual and suspicious conduct on the part of the individual seized which leads him to conclude that criminal activity may be afoot and that the person with whom he is dealing may be armed and dangerous." *Commonwealth v. Hicks*, 434 Pa. 153, 158–9, 253 A.2d 276, 279 (1969). See, e. g., *Commonwealth v. Hart*, 266 Pa.Super. 190, 403 A.2d 608 (1979); *Commonwealth v. Stewart*, 257 Pa.Super. 334, 390 A.2d 1264 (1978); *Commonwealth v. Galadyna*, 248 Pa.Super. 226, 375 A.2d 69 (1977); *Commonwealth v. Ellis*, 233 Pa.Super. 169, 335 A.2d 512 (1975); *Commonwealth v. Wascom*, 236 Pa.Super. 157, 344 A.2d 630 (1975). Further, reasonable cause for a "stop and frisk" need not be based solely on the officer's observation. Rather, just as probable cause for an arrest or search may be provided by an informant's tip, *Spinelli v. U. S.*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12

L.Ed.2d 723 (1964); *Commonwealth v. Matthews*, 446 Pa. 65, 285 A.2d 510 (1971), so too an informant may provide valuable information which may lead to a justifiable *Terry*-type stop and frisk. *Adams v. Williams*, supra. In *Williams*, the officer received a tip from an individual known to the officer that a man seated in a nearby vehicle was carrying narcotics and had a gun in his waist. The officer approached the vehicle and, when the occupant rolled down the window, he reached into the car and removed a fully loaded revolver from the accused's waistband. On these facts, the Court found the officer had sufficient information to justify his approach to the suspect, especially in view of his suspicion that the individual possessed a weapon, and that the limited intrusion was reasonable.

Our Courts have been quite strict in applying the teaching of *Williams* in informant situations. Thus, in *Commonwealth v. Anderson*, 481 Pa. 292, 392 A.2d 1298 (1978), the Court refused to sustain a brief stop and limited search for weapons where the officer received his information from an anonymous informant and the description supplied was very general, "one which would fit any number of individuals" Id., 481 Pa. at 295, 392 A.2d 1300. Nor was there any basis for believing the suspect was armed and dangerous. Similarly, in *Commonwealth v. Cruse*, 236 Pa.Super. 85, 344 A.2d 532 (1975), information was garnered from an anonymous tip lacking any indicia of reliability. The description of the car and its occupants was of little significance. We refused to approve the stopping of the car and search of its interior noting "corroboration before the action taken by the officers would have been justifiable." 236 Pa.Super. at 89, 344 A.2d at 535.

We think the facts of the instant case must dictate a result different from that reached in *Anderson* and *Cruse*. First, the tipster here was not anonymous but was known to Officer Pryor, and the information was gathered in a face-to-face confrontation, not over the radio as in *Anderson* and *Cruse*. Second, the informant provided not a vague, general

description of the suspect, but a very detailed description of clothing, physical build, and even the exact location of the suspect. Such itemized descriptions have even been held to support probable cause. See, e. g. *Commonwealth v. Sabb*, 269 Pa. 207, 409 A.2d 437 (1979); *Commonwealth v. Gray*, 262 Pa.Super. 351, 396 A.2d 790 (1978). Third, the officers had been advised that appellant was armed, a factor emphasized in *Terry, Adams*, and *Anderson* in supporting the reasonableness of the pat-down:

> [W]e cannot blind ourselves to the need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest. When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm. *Terry v. Ohio*, 392 U.S. 1, 24, 88 S.Ct. 1868, 1881 (1968).

Fourth and finally, all particulars of the information were corroborated by the officers at the scene: appellant matched the description provided and was at the exact location suggested by the informant. Such corroboration lent substantial reliability to the tipster and demonstrated he had "special familiarity" with the appellant and his affairs, thus decreasing the likelihood that the tip was a fabrication. *Draper v. U. S.*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

We thus believe the informant's tip, with subsequent corroboration, was of sufficient quality to justify the limited intrusion upon appellant's personal security. Since the initial stop and frisk was reasonable, the subsequent seizure of the weapon was lawful.

Order affirmed.