519 A.2d 505

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Reginald HARRIS.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1986.

Filed Dec. 24, 1986.

582

Deborah Fleisher, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Karen S. Kelly, Philadelphia, for appellee.

Before CAVANAUGH, OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

Appellee, a fifteen-year old juvenile, was charged with murder, voluntary and involuntary manslaughter, and possession of an instrument of crime. Following a not guilty plea to all charges at his arraignment, trial began on May 19, 1986. On that day, the trial judge granted appellee's motion to suppress his confession. The matter before this Court is the Commonwealth's interlocutory appeal from the suppression Order, which the Commonwealth certifies substantially handicaps the prosecution.

Appellee had been arrested at his home for allegedly stabbing an eighteen-year old male. At the police station a

juvenile aid division police officer read appellee his *Miranda*[1] rights in the presence of appellee's mother. The lower court found that "[a]fter the warnings were given but before the questioning began, mother and son were allowed five minutes to confer" and that at this time the mother "was ignorant of the details of the stabbing incident." (Slip Op. Richette, J., 7/24/86, p. 3). While the officer knew of the extremely serious medical condition of the victim, and that the victim was being operated on for two stab wounds located in the back and chest, neither the appellee nor his mother were aware of these facts nor were they aware of the possibility of adult certification under the Juvenile Act, 42 Pa.C.S. § 6355.

After their five minute conference the officer interrogated appellee, in his mother's presence, for approximately an hour and a half. Appellee gave an inculpatory statement which was simultaneously typed by the officer and, after being read by appellee and his mother, was signed by both of them. Immediately after the interview the police informed appellee and his mother that the victim had died. The lower court found that it was unclear when either the interrogating officer or other police personnel learned of the death. (Slip Op. at 4). The police then charged appellee with murder and gave appellee and his mother *Miranda* warnings again. At that time, both appellee and his mother elected not to give further statements and requested a lawyer.

Applying the totality of the circumstances standard, the trial judge suppressed the inculpatory statement finding that the appellee's waiver of his constitutional rights was unknowing and, therefore, invalid because the police had failed to notify appellee and his mother of the possible adult certification. The trial court held that juvenile defendants "must be apprised of possible adult certification." (Slip Op. at 7). It is not contended that the statement was secured through coercive tactics.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In order to have a valid waiver of *Miranda* rights, the suspect must have an awareness of the general nature of the transaction giving rise to the investigation. *Commonwealth v. Dixon*, 475 Pa. 17, 379 A.2d 553 (1977); *Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974); *Commonwealth v. Hart*, 266 Pa.Super. 190, 403 A.2d 608 (1979). As the Supreme Court stated in *Dixon, supra:*

> It is clear from *Richman,* however, that the suspect need not have knowledge of the 'technicalities' of the criminal offense involved; rather, it is necessary only that he be aware of the 'transaction' involved.... Neither does the *Richman* holding establish a 'fifth *Miranda* warning'; that is, there is no prophylactic requirement that the interrogating officers affirmatively provide information to the suspect as to the crime under interrogation.

*Id.* 475 Pa. at 22, 379 A.2d at 556. Here, the appellee and his mother were advised of the general nature of the transaction giving rise to appellee's arrest and interrogation, i.e., the stabbing of the victim.

Under circumstances similar to those present here, the Supreme Court, in *Commonwealth v. Swint*, 450 Pa. 54, 296 A.2d 777 (1972), held that the giving of *Miranda* warnings, accompanied with an awareness of the general nature of the transaction being investigated, allowed a juvenile suspect enough information to give a valid waiver of his rights with a full understanding on his part. In *Swint,* the appellant/juvenile had been informed at the time of his arrest that he was being arrested for the stabbing of another juvenile. While it is clear from the court's opinion that the appellant/juvenile's mother was informed that the victim was in critical condition and might die, the court does not say whether the appellant knew. *Id.,* 450 Pa. at 59, 296 A.2d at 779. After being given his *Miranda* warnings, the juvenile proceeded to make oral inculpatory statements and later both he and his mother signed a written inculpatory statement.

In response to the appellant's argument that he did not knowingly and intelligently waive his right to self-incrimination because he was never warned of the possibility he would be charged with murder, the Supreme Court stated:

> While the police did not delineate with exact precision the crime for which Swint was eventually tried, the circumstances at the time did not permit such clarity. At the time of all of the questioning, [the victim] was still alive, albeit in critical condition. The fact that Swint was told he was being interrogated concerning the stabbing conveyed enough information about the nature of the crime to aid in making a waiver with a full understanding.

*Id.*, 450 Pa. at 59, 296 A.2d at 780. Here, the victim was also alive during the interrogation of appellee thus, as in *Swint*, the circumstances at the time did not allow the police to clarify the charge against appellee. Therefore, based on these findings, we reverse the trial court's suppression Order.

Further, we find no constitutional need nor justification for the lower court's requirement that juvenile defendant's "must be apprised of possible adult certification." We feel this holding is in full accord with *Dixon, supra,* and the United States Supreme Court's Opinion in *Oregon v. Elstad,* 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).

In *Elstad,* the Court, by a six to three decision, held that a suspect who has once responded to warned, yet uncoercive, questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite *Miranda* warnings. Upon his arrest, the defendant/respondent made an incriminating statement without having been given the required *Miranda* warnings. Later, after he was advised of and waived his *Miranda* rights, the respondent executed a written confession. The central issue in *Elstad,* ultimately answered in the negative, became whether the second statement should be suppressed based on the "taint" of the initial failure of law enforcement officials to administer the required *Miranda* warnings. In response to the respondent's argument that he was unable to give a fully

586

"informed" waiver of his rights before making the second confession because he was unaware that his prior statement could not be used against him, the Court stated:

> This Court has never embraced the theory that a defendant's ignorance of the full consequences of his decisions vitiates their voluntariness. ... Thus we have not held that the *sine qua non* for a knowing and voluntary waiver of the right to remain silent is a full and complete appreciation of all of the consequences flowing from the nature and the quality of the evidence in the case.

*Id.* at 316, 105 S.Ct. at 1297, 84 L.Ed.2d at 237. The Court specifically held that it was neither practicable nor constitutionally necessary for the law enforcement officer to add an additional warning to the *Miranda* requirement concerning the legal question of whether the first statement was admissible after a breach of *Miranda* procedures.

Accordingly, we reverse and remand for trial.