J. A29002/15

2015 PA Super 268

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
            v.            :
                                        :
JOSEPH MASON,                :         No. 1528 WDA 2014
                                        :
          Appellant      :

Appeal from the Judgment of Sentence, April 7, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0009052-2013

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

OPINION BY FORD ELLIOTT, P.J.E.:         **FILED DECEMBER 22, 2015**

Joseph Mason appeals from the April 7, 2014 judgment of sentence following his conviction of violations of the Uniform Firearms Act:  persons not to possess firearms, carrying a firearm without a license, and possession or distribution of marijuana or hashish.[1]  We affirm.

The trial court provided the following relevant facts:

> Briefly, the evidence presented at trial established that in the evening hours of May 26, 2013, Pittsburgh Police Officer Brendan Flicker and his partner Officer Opsenica, were on a routine foot patrol near the intersection of Frankstown Avenue and Putnam Street in the Larimer section of the City of Pittsburgh, an area known for open-air drug sales. The two officers passed a red Chrysler with an Ohio license plate and observed the butt of a black and

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 35 P.S. § 780-113(a)(31), respectively.

silver semi-automatic firearm through the car window. The officers returned to their vehicle and waited for the car to leave. Shortly thereafter, Officer Dustin Rummel radioed that he was traveling behind the vehicle, which had left its parking space without being seen by Officers Flicker and Opsenica. Officer Rummel followed the red Chrysler for a time, then the pursuit was assumed by Officer Gregory Livesey, who observed the vehicle attempt to park against the flow of traffic without a turn signal and initiated a traffic stop. When Officer Livesey activated his patrol vehicle lights, the Defendant jumped out of the vehicle and ran. It was noted that the Defendant's hands were by the center of his waistband while he was running. Officer Livesey and other officers followed, and the Defendant ducked between two houses. Immediately a shot was heard and the Defendant emerged saying "You shot me". Shortly thereafter, a thermal imaging camera was used to locate the weapon, which was still hot from having recently been fired. A gunshot residue test performed on the Defendant's clothing revealed particles characteristic of gunshot residue on his left cuff.

Trial court opinion, 1/7/15 at 2. Appellant was arrested and charged with persons not to possess firearms, carrying a firearm without a license, recklessly endangering another person, escape, and possession or distribution of marijuana or hashish. On November 12, 2013, appellant filed a motion to suppress evidence with the trial court in which he sought to prevent the Commonwealth from introducing any evidence seized as a result of the traffic stop of the red Chrysler. (Docket #7.) The trial court held a hearing on March 26, 2014, and appellant's motion was denied. At the conclusion of a non-jury trial on April 7, 2014, appellant was convicted of persons not to possess firearms, carrying a firearm without a license, and

possession or distribution of marijuana or hashish. He was acquitted of recklessly endangering another person and escape.[2] Immediately following the trial, appellant was sentenced to not less than two nor more than ten years' imprisonment.

On April 17, 2014, appellant filed a post-sentence motion which was denied by the trial court by operation of law on August 20, 2014. Appellant filed a notice of appeal on September 19, 2014. On September 26, 2014, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the trial court's order on October 16, 2014, and the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

> Whether the trial court erred in not suppressing the gun and drug evidence when the testimony of the police officers manifestly failed to establish reasonable suspicion or probable cause to believe that the red Chrysler, in which Mr. Mason was a passenger, had committed a violation of the Motor Vehicle Code, or reasonable suspicion to believe that Mr. Mason was involved in criminal activity?

Appellant's brief at 4.

In cases involving a review of the denial of a defendant's suppression motion, we are subject to the following standard of review:

---

[2] 18 Pa.C.S.A. §§2705 and 5121(a), respectively. Appellant was also charged with tamper with/fabricate physical evidence, which was not held over for court at the preliminary hearing. 18 Pa.C.S.A. § 49810(1); notes of testimony, 7/1/13 at 64.

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court] is bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [] plenary review.

***Commonwealth v. Jones***, 121 A.3d 524, 526-527 (Pa.Super. 2015), quoting ***Commonwealth v. Jones***, 988 A.2d 649, 654 (Pa. 2010) (internal citations and quotation marks omitted).

In the instant appeal, appellant alleges that the trial court erred in denying his motion to suppress the gun and drug evidence because the "testimony of the police officers manifestly failed to establish reasonable suspicion or probable cause to believe that the red Chrysler, in which [appellant] was a passenger, had committed a violation of the Motor Vehicle Code." (Appellant's brief at 17.) The trial court found, as a matter of fact, that, "the police were going to stop this car because they saw a gun and they followed it." (Notes of testimony, 3/26/14 at 39-40.) Regardless of

whether the police observed a violation of Motor Vehicle Code, they still had

reasonable suspicion to conduct a valid stop of the red Chrysler.

> The Fourth Amendment of the Federal Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. amend. IV. Likewise, Article I, Section 8 of the Pennsylvania Constitution states, "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures . . ." Pa. Const. Art. I, § 8. Under Pennsylvania law, there are three levels of encounter that aid courts in conducting search and seizure analyses.
>
>> The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or respond. The second, an "investigative detention" must be supported by reasonable suspicion; it subjects a suspect to a stop and period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.
>
> ***Commonwealth v. Williams***, 73 A.3d 609, 613 (Pa.Super. 2013) (citation omitted), ***appeal denied***, 87 A.3d 320 (Pa. 2014).
>
> . . . .
>
> "The Fourth Amendment permits brief investigative stops . . . when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity." ***Navarette v. California***, 134 S.Ct. 1683, 1687 (2014). It is axiomatic that to establish reasonable

suspicion, an officer "must be able to articulate something more than an inchoate and unparticularized suspicion or hunch." **United States v. Sokolow**, 490 U.S. 1, 7 (1989) (internal quotation marks and citations omitted). Unlike the other amendments pertaining to criminal proceedings, the Fourth Amendment is unique as it has standards built into its text, **i.e.** reasonableness and probable cause. **See generally** U.S. Const. amend. IV. However, as the Supreme Court long recognized, **Terry v. Ohio**, 392 U.S. 1 (1968) is an exception to the textual standard of probable cause. **Florida v. Royer**, 460 U.S. 491, 498 (1983). A suppression court is required to "take[] into account the totality of the circumstances—the whole picture." **Navarette**, **supra** (internal quotation marks and citation omitted). When conducting a **Terry** analysis, it is incumbent on the suppression court to inquire, based on all of the circumstances known to the officer **ex ante**, whether an objective basis for the seizure was present. **Adams v. Williams**, 407 U.S. 143, 146 (1972). In addition, an officer may conduct a limited search, **i.e.** a pat-down of the person stopped, if the officer possesses reasonable suspicion that the person stopped may be armed and dangerous. **United States v. Place**, 462 U.S. 696, 702 (1972).

**Commonwealth v. Carter**, 105 A.3d 765, 768-769 (Pa.Super. 2014) (**en banc**), **appeal denied**, 117 A.3d 295 (Pa. 2015) (citations formatted).

This court has previously stated that, "possession of a concealed firearm in public is sufficient to create a reasonable suspicion that the individual may be dangerous, such that an officer can approach the individual and briefly detain him in order to investigate whether the person is properly licensed." **Commonwealth v. Robinson**, 600 A.2d 957, 959 (Pa.Super. 1991), citing **Commonwealth v. Mears**, 424 A.2d 533

(Pa.Super. 1981), and ***Commonwealth v. Lagana***, 537 A.2d 1351 (Pa. 1988); ***see also Commonwealth v. Stevenson***, 894 A.2d 759, 772 (Pa.Super. 2006).

We agree with the Commonwealth that the facts in ***Robinson*** are analogous to the case ***sub judice***.   In ***Robinson***, the defendant was personally observed by a police officer bending over into a van with a firearm on his waistband.  ***Robinson***, 600 A.2d at 959.  After making this observation, the officer drove down the street, discussed the situation with her partner, and then stopped Robinson's van.  ***Id.*** at 959.  In ***Robinson***, there was no indication that the defendant violated the Motor Vehicle Code before being stopped by the police.

Appellant argues that both ***Robinson*** and ***Stevenson*** are distinguishable from the instant case because the defendants in those cases were observed by police officers with firearms on their person, while the gun in this case was originally observed in an unoccupied car.  The statute at question, 18 Pa.C.S.A. § 6106, indicates that the cases are indistinguishable:

> any person who ***carries a firearm in any vehicle*** or any person who ***carries a firearm concealed on or about his person***, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.  [Emphasis added.]

The statute does not enumerate any differences between an individual who is concealing a firearm on his person and one who is carrying a firearm

in his vehicle. The language of the statute, coupled with this court's decision in **Robinson**, establishes the reasonable suspicion that was required for the police to stop the red Chrysler, regardless of whether a violation of the Motor Vehicle Code was observed. In the instant case, the police are able to "articulate something more than an inchoate and unparticularized suspicion or hunch," as contemplated by the United States Supreme Court in **Sokolow**. The officers personally observed the butt end of a firearm in an unoccupied vehicle parked in an area that, according to Officer Flicker's testimony, was known for open-air drug transactions and homicides. (Notes of testimony, 3/26/14 at 4.) Much like the officers in **Robinson**, the officers in the present case had a reasonable suspicion that appellant may be dangerous; and by stopping the red Chrysler, the officers were properly conducting an investigatory detention.

We find that by denying appellant's motion to suppress evidence, the trial court did not err. The trial court made the following factual finding on the record: "I find as a matter of fact [the police] were going to stop the car because they had seen a gun in plain view in a high crime area." (**Id.** at 40.) The record, through the testimony of Officer Flicker, supports this finding. (**See id.** at 4.) We further find that the trial court reached the correct conclusion of law based upon the court's factual findings. **See Jones**, 121 A.3d at 526.

Judgment of sentence affirmed.

J. A29002/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/22/2015