J-S63039-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH MASON | : | |
| | : | |
| Appellant | : | No. 661 WDA 2018 |

Appeal from the PCRA Order March 29, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009052-2013

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:            FILED NOVEMBER 19, 2018

Appellant, Joseph Mason, appeals pro se from the order entered by the Court of Common Pleas of Allegheny County dismissing his petition filed under the Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Herein, Appellant contends trial counsel ineffectively failed to move for suppression of illegally seized clothing of Appellant's.  We affirm.

The PCRA court aptly sets forth relevant facts and procedural history, as follows:

> The Defendant [hereinafter "Appellant"] was charged with Violations of the Uniform Firearms Act (VUFA) [to wit,] Persons Not to Possess Firearms[1] and Carrying a Firearm Without a License,[2] Recklessly Endangering Another Person [(REAP)],[3] Escape,[4] and Possession or Distribution of Marijuana or Hashish.[5] Appellant's pre-trial Motion to Suppress was denied and Appellant proceeded to a non-jury trial.  At the conclusion of the trial, Appellant was adjudicated guilty of both VUFA offenses and the possession charge, and not guilty of [REAP].  On April 7, 2014, he appeared before this Court and was sentenced to a term of

_____

* Former Justice specially assigned to the Superior Court.

imprisonment of two (2) to 10 years. Timely Post-Sentence Motions were filed and were denied on August 20, 2014. The judgment of sentence was affirmed by the Superior Court on December 22, 2015 and Appellant's subsequent Petition for Allowance of Appeal was denied on April 20, 2016.

---

[1] 18 Pa.C.S.A. § 6105(a)(1).
[2] 18 Pa.C.S.A. § 6106(a)(1).
[3] 18 Pa.C.S.A. § 2705.
[4] 18 Pa.C.S.A. § 5121(a).
[5] 35 P.S. § 780-1113(a)(31).

---

On June 4, 2016, Appellant filed a pro se Post Conviction Relief Act [hereinafter "PCRA"] petition. Rachael Santoriella, Esquire, was appointed to represent Appellant, though she later filed a Turner "No-Merit" Letter and sought and was granted permission to withdraw from the representation. After giving the appropriate notice of its intent to do so, [the PCRA court] dismissed the Appellant's pro se PCRA petition without a hearing on March 15, 2017. [An appeal] was taken to the Superior Court and in [a decision] dated February 14, 2018, [the Court] vacated the Order and remanded with instructions to issue a Notice of Intent to Dismiss and give Appellant an opportunity to respond.[6] In response, [the PCRA court] issued a Notice of Intent on February 21, 2018. After reviewing Appellant's response which was filed on March 14, 2018, [the PCRA court] again dismissed the Petition without a hearing on March 29, 2018. This appeal followed.

---

[6] In his appeal, Appellant argued that this Court erred in not allowing him an extension of time to respond to the Notice of Intent to Dismiss.

---

PCRA Court Opinion, 7/9/18 at 1-2.

In his pro se brief, Appellant presents several questions for our consideration:

    I.     WAS TRIAL COUNSEL INEFFECTIVE FOR NOT MOVING FOR THE SUPPRESSION OF ILLEGALLY SEIZED AND

OBTAINED CLOTHING OF APPELLANT'S WITHOUT A LEGAL SEARCH WARRANT?

II. WAS PCRA COUNSEL INEFFECTIVE FOR FAILING TO AMEND [APPELLANT'S PCRA PETITION] AND RAISE TRIAL COUNSEL'S INEFFECTIVENESS IN [AN AMENDED] PETITION?

III. DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S PETITION WITHOUT A HEARING?

Appellant's brief, at 1.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions de novo.

Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 779 (Pa.Super. 2015) (citations omitted).

In addition, A PCRA petitioner's right to an evidentiary hearing is not absolute. Commonwealth v. Barbosa, 819 A.2d 81, 85 (Pa.Super. 2003). Rather, the PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues of material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. Commonwealth v. Blakeney, 108 A.3d 739, 750 (Pa. 2014). To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, a petitioner must show

that he has raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. Id.

Appellant's first two issues allege ineffective assistance of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Commonwealth v. Johnson, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." Id. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. Id. at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." Commonwealth v. Stewart, 84 A.3d 701, 707 (Pa.Super. 2013) (en banc). "Whether the facts rise to the level of arguable merit is a legal determination.'" Id. (citing Commonwealth v. Saranchak, 866 A.2d 292, 304 n.14 (Pa. 2005).

As to the second prong of this test, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based and was not the result of

sloth or ignorance of available alternatives. Commonwealth v. Collins, 545 A.2d 882, 886 (Pa. 1988). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." Commonwealth v. Ervin, 766 A.2d 859, 862-63 (Pa.Super. 2000) (citation omitted). A petitioner asserting ineffectiveness based upon trial strategy must demonstrate that the "alternatives not chosen offered a potential for success substantially greater than the tactics utilized." Commonwealth v. Clark, 626 A.2d 154, 157 (Pa. 1993). "We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he [or she] may have taken." Stewart, 84 A.3d at 707. A PCRA petitioner is not entitled to post-conviction relief simply because a chosen strategy was unsuccessful. Commonwealth v. Buksa, 655 A.2d 576, 582 (Pa.Super. 1995).

As to the third prong of the test for ineffectiveness, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Stewart, 84 A.3d at 707. "A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Commonwealth v. Rathfon, 899 A.2d 365, 370 (Pa.Super. 2006).

Finally, when considering an ineffective assistance of counsel claim, the PCRA court "is not required to analyze these [prongs] in any particular order of priority; instead if a claim fails under any necessary [prong] of the ineffectiveness test, the court may proceed to that [prong] first." Commonwealth v. Tharp, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

In particular, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. Commonwealth v. Travaglia, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. Commonwealth v. Loner, 836 A.2d 125, 132 (Pa. Super. 2003) (en banc).

Appellant asserts that trial counsel ineffectively failed to move to suppress evidence of gunpowder residue found on his clothing because the evidence was seized incident to an unlawful motor vehicle stop, subsequent arrest, and discovery of a recently fired firearm nearby. Relatedly, he charges PCRA counsel with ineffective assistance for failing to raise this claim in an amended petition.

In fashioning his argument in this way, Appellant attempts to relitigate his failed direct appeal from the order denying his motion to suppress. On direct appeal, this Court upheld the suppression order, as we concluded reasonable suspicion existed to conduct a stop of the car in which Appellant rode. Relying on Commonwealth v. Robinson, 600 A.2d 957, 959 (Pa.Super. 1991) (possession of concealed firearm in public creates reasonable suspicion to stop person and investigate whether person is licensed), we held officers' observation of a firearm in an unoccupied car parked in a high crime area created reasonable suspicion that Appellant, who later boarded the car, may be dangerous so as to justify an investigative detention. Commonwealth v. Mason, 130 A.3d 148 (Pa.Super. 2015).

As we have previously upheld the legality of police seizures of Appellant and the firearm, the warrantless, post-arrest confiscation of Appellant's clothing for gunpowder residue testing was proper as long as it was directly connected with the offense charged. See Commonwealth v. Stallworth, 781 A.2d 110, 116 (Pa. 2001) (holding warrantless seizure of clothing worn at time of shooting was proper as incident to lawful arrest where clothing was directly connected with offense charged).

Here, Appellant was charged with VUFA offenses and recklessly endangering another person in connection with his possession of a firearm. Testimony at Appellant's suppression hearing established Appellant fled from the scene of the traffic stop while keeping his hands near the center waistline of his body. Ignoring police orders for him to stop, Appellant escaped the officers' view. Moments later, the officers heard a single gunshot, and the officer in closest pursuit heard Appellant say, "You shot me." Appellant gave himself up moments later. He was not shot, and he was not in possession of a gun. The officers denied firing a round.

With the aid of a thermal-imaging camera capable of detecting a recently fired gun, officers recovered a gun from a wooded, overgrown area right next to where Appellant had just emerged. One round had been fired from the gun, and an unfired round was in its chamber.

As such, testing Appellant's clothing for gunshot residue was directly related to the VUFA and REAP offenses with which he was charged. Appellant baldly claims Stallworth is inapposite because Appellant, unlike defendant

Stallworth, was not a murder suspect. Appellant's brief, at 8. This distinction is irrelevant, as the scope of Stallworth's precedential value is not limited to homicide cases.

We may not deem counsel ineffective for failing to pursue a meritless claim. See Loner, supra. As the warrantless seizure of Appellant's clothing was lawful, Appellant's ineffectiveness claims based on counsel's failure to challenge the seizure is without arguable merit. Accordingly, his claim affords him no relief.

Finally, Appellant alleges in his Statement of Questions Presented that the PCRA court erroneously dismissed his petition without an evidentiary hearing. Because Appellant's brief contains no argument in support of this issue, we deem it waived. See Pa.R.A.P. 2119 (regarding required content of developed argument); Commonwealth v. Clayton, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal."). Even if we did not deem it waived, we find Appellant fails to make the showing necessary to reverse a PCRA court's decision to dismiss a petition without a hearing. See Blakeney, supra (petitioner must show he has raised a genuine issue of material fact, which, if resolved in his favor, would have entitled him to relief).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/19/2018